1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                          EASTERN DISTRICT OF CALIFORNIA

8

9    STARRIE DeVAUGHN,                          Case No. 1:24-cv-00754-SKO

10                  Plaintiff,                    FIRST SCREENING ORDER

11        v.                                      ORDER FOR PLAINTIFF TO:

12                                                (1)    FILE A FIRST AMENDED
                                                         COMPLAINT; OR
13   FRESNO POLICE DEPARTMENT,
                                                  (2)    NOTIFY THE COURT THAT SHE
14                  Defendant.                           WISHES TO STAND ON HER
                                                         COMPLAINT
15
                                                  (Doc. 1)
16
                                                  THIRTY-DAY DEADLINE
17

18

19

20        On June 27, 2024, Plaintiff Starrie DeVaughn ("Plaintiff"), proceeding *pro se*, filed an

21   action. (Doc. 1.) On that same date, Plaintiff also filed an application to proceed *in forma pauperis*,

22   which was granted on June 28, 2024. (Docs. 2 & 3.) Plaintiff's complaint is now before the Court

23   for screening. Upon review, the Court concludes that the complaint fails to state any cognizable

24   claims.

25        Plaintiff has the following options as to how to proceed. Plaintiff may file an amended

26   complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement

27   with the Court stating that she wants to stand on this complaint and have it reviewed by the presiding

28   district judge, in which case the Court will issue findings and recommendations to an assigned

1  district judge consistent with this order.  If Plaintiff does not file anything, the Court will recommend

2  that the case be dismissed.

3  **I.      SCREENING REQUIREMENT AND STANDARD**

4  In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen

5  each case and shall dismiss the case at any time if the Court determines that the allegation of poverty

6  is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which

7  relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

8  28 U.S.C. § 1915(e)(2).  *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required

9  of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v.*

10  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma*

11  *pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir.

12  1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a

13  complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of

14  the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en

15  banc).

16  In determining whether a complaint fails to state a claim, the Court uses the same pleading

17  standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and

18  plain statement of the claim showing that the pleader is entitled to relief . . .."  Fed. R. Civ. P. 8(a)(2).

19  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of

20  action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662,

21  678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  .  A complaint may

22  be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable

23  legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica*

24  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff must allege a minimum factual and legal

25  basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims

26  are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193,

27  199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

28  In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept

1   as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2   Although a court must accept as true all factual allegations contained in a complaint, a court need

3   not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678.  "[A] complaint [that]

4   pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

5   between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at

6   557).

## II.        SUMMARY OF PLAINTIFF'S COMPLAINT

8        Plaintiff drafted her complaint using the general complaint form provided by this Court.  The

9   complaint names "Fresno Police Department" as the defendant. (Doc. 1 at 2–3.)  Plaintiff states that

10  subject matter jurisdiction is based on federal question.  (*Id*. at 3.)  The amount in controversy is

11  "1,000,000 for mental false crimes and cost of cases imprisonment something he didn't do." (*Id*. at

12  5.)

13       The section in which Plaintiff is asked to indicate which of her federal constitutional or

14  federal statutory rights have been violated is blank.  (*Id*. at 4.)  The statement of claim section of the

15  complaint states:

16
17       My son has been arrested false crime spent over a year in police department won't
         stop harassment falsely accuse him mental and physical damages done to him and
         me cost me over $400,000 dollars to defend him he is disabled and mental
18       [undecipherable].  I can't help get a lawyer to stop [undecipherable] and pay to
         damages.
19

20  (*Id*. at 5.)  Regarding the relief sought, Plaintiff writes "False crimes, mental abuse, physical abuse,

21  harassment, imbrassment [sic] on TV, false crime, harassment at job, church, daily activities all pay

22  plant crimes on him photo shop cases." (*Id*. at 6.)

23       Attached to the complaint is correspondence from Plaintiff's son's attorneys to unknown

24  addressees and a "Generic Notice" issued by the Superior Court of California, County of Fresno,

25  dated June 2014.  (*Id*. at 7–13.)  The Civil Cover Sheet lists the nature of suit as personal injury,

26  fraud, Truth in Lending, and Habeas Corpus.  (Doc. 1-1.)

27

28

1

### III.      DISCUSSION

2

**A.      Rule 8**

3      Rule 8 states that a complaint must contain "a short and plain statement of the claim showing
4   that the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2).  Here, Plaintiff's complaint violates
5   Rule 8 because it does not contain a short and plain statement of the claim demonstrating that she is
6   entitled to relief.

7      Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair
8   notice to the defendants of the basis of the claim and must allege facts that support the elements of
9   the claim plainly and succinctly.  A complaint must contain sufficient factual allegations to give the
10   defendant fair notice of the claim and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555.

11      Here, there are no factual allegations in the complaint that identify the basis of the claim.
12   Plaintiff alleges "false crimes" and "harassment" (Doc. 1 at 5) but does not explain who from the
13   Fresno Police Department was doing the harassing, for what crimes Plaintiff's son was arrested, or
14   how the crimes are false such that they form the basis of a claim.  This is not permissible because it
15   does not give the defendant "fair notice" of the claims against which they must defend and the facts
16   and legal theories that give rise to the claims.  *See* Fed. R. Civ. P. 8(a)(2).

17      Plaintiff must set forth factual allegations against each named defendant sufficient to state a
18   claim.  If Plaintiff elects to amend her complaint, she must separate each claim, state the legal basis
19   for the claim, and identify how the facts alleged support and show that the particular defendant
20   committed the violation asserted as the legal basis for the claim. *See* Fed. R. Civ. P. 8(a).  The failure
21   to do so may result in dismissal of this action.

22

**B.      Legal Standards**

23      In the event Plaintiff amends her complaint, the Court provides the following legal standards
24   that may be relevant to her action:

25      1.      <u>Section 1983</u>

26      To the extent Plaintiff intends to assert a civil rights claim, 42 U.S.C. § 1983 ("Section
27   1983"), known as the Civil Rights Act, provides:

28

1
2
3
4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

5   42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides

6   'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386,

7   393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v.*

8   *Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059,

9   1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*,

10  451 F.3d 1063, 1067 (9th Cir. 2006).

11         To state a claim under Section 1983, a plaintiff must allege that the defendant (1) acted under

12  color of state law, and (2) deprived them of rights secured by the Constitution or federal law. *Long*

13  *v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San*

14  *Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").   A person

15  deprives another of a constitutional right, "within the meaning of [Section] 1983, 'if he does an

16  affirmative act, participates in another's affirmative act, or omits to perform an act which he is

17  legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v.*

18  *Clark Cnty. Sch. Bd. of Trs*., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588

19  F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official

20  sets in motion a 'series of acts by others which the actor knows or reasonably should know would

21  cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*,

22  588 F.2d at 743).   This standard of causation "closely resembles the standard 'foreseeability'

23  formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir.

24  1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

25         A plaintiff must also demonstrate that each named defendant personally participated in the

26  deprivation of their rights.  *Iqbal*, 556 U.S. at 676-77.  In other words, there must be an actual

27  connection or link between the actions of the defendants and the deprivation alleged to have been

28  suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695

1 | (1978).

2 |        2.       State Agencies Are Not Amenable to Suit

3 |        Plaintiff names as the defendant the Fresno Police Department, as indicated above.  To the

4 | extent Plaintiff is attempting to pursue a civil rights claim against the Fresno Police Department,

5 | she may not do so.  Local governmental units, such as counties or municipalities, are considered

6 | "persons" within the meaning of Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58,

7 | 70, (1989).   However, municipal departments and sub-units, including police departments, are

8 | generally not considered "persons" within the meaning of Section 1983.  *United States v. Kama*,

9 | 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police departments and

10 | bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); *see also*

11 | *Sanders v. Aranas*, No. 1:06-cv-1574-AWI-SMS, 2008 WL 268972, at *2-3 (E.D. Cal. Jan. 29,

12 | 2008) (Fresno Police Department not a proper defendant because it is a sub-department of the City

13 | of Fresno and is not a person within the meaning of § 1983).  The Fresno Police Department is not

14 | a proper defendant because it is a subdivision of the municipality.

15 |        3.       "Representative" Claims

16 |        To the extent Plaintiff is seeking to bring a claim for violation of her son's constitutional

17 | rights under Section 1983, Plaintiff is not a licensed attorney, and therefore cannot bring a lawsuit

18 | on behalf of another individual, including her son. *See Palik v. Guam Behav. Health & Wellness*

19 | *Ctr.*, No. CV 21-00026, 2022 WL 1138190, at *3 (D. Guam Apr. 18, 2022); *Fulkerson v. Thrive*

20 | *Mkt., Inc.*, No. 3:20-CV-00241-MMD-CLB, 2020 WL 3717095, at *2 (D. Nev. June 16, 2020) ("As

21 | a general rule, *pro se* parties may not pursue claims on behalf of others in a representative capacity.")

22 |        4.       Related Criminal Proceedings

23 |        When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a

24 | [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct

25 | appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

26 | determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

27 | U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing

28 | that relationship to a conviction or sentence that has not been so invalidated is not cognizable under

6

1 [section] 1983." *Id.* at 488.  Plaintiff may not seek damages—$1,000,000 requested in this case—

2 under Section 1983 unless the subject conviction or sentence has been declared invalid by a state

3 court or a federal court's issuance of a writ of habeas corpus.  *See Heck*, 512 U.S. at 486–87;

4 *Milewski v. Kohn*, No. 3:19–CV–00095–MMD–WGC, 2019 WL 1117909, at *2 (D. Nev. Mar. 11,

5 2019).

6         Finally, to the extent Plaintiff is attempting to challenge any ongoing state criminal

7 proceedings, any such claim is barred under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

8 The *Younger* doctrine "prevents a federal court in most circumstances from directly interfering with

9 ongoing criminal proceedings in state court." *Jones v. Buckman*, No. 2:18–cv–0054–MCE–EFB,

10 2019 WL 1227921, at *2 (E.D. Cal. Mar. 15, 2019).  "Further, the *Younger* abstention doctrine bars

11 requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's

12 ongoing state criminal prosecution." *Id.* (citing *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986)).

13 **C.    Leave to Amend**

14         In sum, the Court has screened Plaintiff's complaint and finds that it fails to state any

15 cognizable claims.  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should

16 freely give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff

17 with time to file an amended complaint, so Plaintiff can provide additional factual allegations.

18 *Lopez*, 203 F.3d at 1126–30.

19         Plaintiff is granted leave to file an amended complaint within thirty days.  If Plaintiff chooses

20 to amend her complaint, in her amended complaint she must state what each named defendant did

21 that led to the deprivation of <u>her</u> constitutional or other federal rights—not her son's. Fed. R. Civ.

22 P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff should

23 note that although she has been given the opportunity to amend, it is not for the purpose of changing

24 the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir.

25 2007) (no "buckshot" complaints).

26         Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v.*

27 *Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself

28 without reference to the prior or superseded pleading, E.D. Cal. Local Rule 220.  Therefore, in an

1   amended complaint, as in an original complaint, each claim and the involvement of each Defendant

2   must be sufficiently alleged.   The amended complaint should be clearly and boldly titled "First

3   Amended Complaint," refer to the appropriate case number, and be an original signed under penalty

4   of perjury.

5          Plaintiff has a choice on how to proceed.   Plaintiff may file an amended complaint if she

6   believes that additional true factual allegations would state cognizable claims.   If Plaintiff files an

7   amended complaint, the Court will screen that complaint in due course.   Alternatively, Plaintiff may

8   choose to stand on her complaint subject to the Court issuing findings and recommendations to a

9   district judge consistent with this order.

10                                              **ORDER**

11         Based on the foregoing, IT IS ORDERED that:

12         1.       Within thirty (30) days from the date of service of this order, Plaintiff shall either:

13                  a.       File a First Amended Complaint; or

14                  b.       Notify the Court in writing that she wishes to stand on this complaint;

15         2.       If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended

16                  complaint "First Amended Complaint" and refer to case number 1:24-cv-00754-

17                  SKO; and

18         3.       **Failure to comply with this order may result in the dismissal of this action.**

19
    IT IS SO ORDERED.
20

21   Dated:    **July 9, 2024**                          /s/ *Sheila K. Oberto*
22                                              UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

                                                   8