UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARRIE DeVAUGHN,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO POLICE DEPARTMENT,<br><br>Defendant. | Case No. 1:24-cv-00754-KES-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 7) |

Plaintiff Starrie DeVaughn proceeds *pro se* and *in forma pauperis* in this civil action initiated on June 27, 2024. (Docs. 1, 2, 3.) This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 10, 2024, the assigned magistrate judge screened plaintiff's complaint and found it failed to state any cognizable claims. (Doc. 4.) Plaintiff was granted 30 days to file an amended complaint or state that she wished to stand on the initial complaint. (*Id.*) Plaintiff was also warned that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.*) To date, plaintiff has not filed an amended complaint, a statement indicating that she intends to stand on her complaint, or a request for an extension of time in which to do so. *See* docket.

On August 14, 2024, the magistrate judge issued an order for plaintiff to show cause ("OSC") within 21 days why the action should not be dismissed for her failure to comply with the screening order and failure to prosecute this case. (Doc. 5.) Plaintiff was warned that the failure

1

1  to comply with that order would result in a recommendation that this action be dismissed. (*Id.*
2  at 2.) Plaintiff did not file any response to the OSC.

3      On September 12, 2024, the magistrate judge issued findings and recommendations,
4  recommending that this case be dismissed due to plaintiff's failure to comply with the Court's
5  orders and failure to prosecute. (Doc. 7.) Those findings and recommendations were served on
6  plaintiff and contained notice that any objections thereto were to be filed within 21 days of
7  service. (*Id.* at 2.) Plaintiff has not filed any objections to the findings and recommendations and
8  the time to do so has passed.

9      Pursuant to 28 U.S.C. § 636 (b)(1), this Court conducted a de novo review of the case.
10  Having carefully reviewed the matter, the Court finds the findings and recommendation to be
11  supported by the record. In determining whether to dismiss an action as a sanction, courts must
12  consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to
13  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
14  disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*
15  *v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

16      Here, the public's interest in expeditiously resolving this litigation and the Court's need to
17  manage its docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990
18  (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors
19  dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent
20  authority to manage their dockets without being subject to noncompliant litigants). As to the
21  third factor, the risk of prejudice to the defendant also weighs in favor of dismissal, given that
22  unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g.,*
23  *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

24      While the fourth consideration, that public policy favors disposition of cases on their
25  merits, generally weighs against dismissal, here it lends little support "to a party whose
26  responsibility it is to move a case toward disposition on the merits but whose conduct impedes
27  progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d
28  1217, 1228 (9th Cir. 2006) (citations omitted). Finally, there is little else available to the Court

that would constitute a satisfactory lesser sanction given the Court's apparent inability to communicate with plaintiff. *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("[G]iven the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action."). Moreover, plaintiff was already warned that her failure to comply with the screening order and OSC would result in the dismissal of this action. *Ferdik*, 963 F.2d at 1262 (district court's warning to a party that his failure to obey will result in dismissal satisfies the "consideration of alternatives" requirement).

Accordingly:

1. The findings and recommendation issued on September 12, 2024, (Doc. 7), are adopted;

2. This action is dismissed for failure to prosecute and failure to obey court orders; and

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   July 26, 2025

UNITED STATES DISTRICT JUDGE

3